UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOEY A. GARCIA, | Case No. 3:20-cv-00522-RCJ-WGC |
| Plaintiff, | **Order** |
| v. | |
| WASHOE COUNTY DETENTION FACILITY, | |
| Defendant. | |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Joey A. Garcia, who was a pre-trial detainee when he submitted this matter. On September 8, 2021, the Court granted Garcia leave to proceed *in forma pauperis*, and issued a screening order pursuant to 28 U.S.C. §1915(e) dismissing some claims with prejudice and some claims with leave to amend. ECF No. 9. The Court granted Garcia leave to file an amended complaint within 30 days. *Id.* The 30-day period to file an amended complaint has now expired and Garcia has not filed an amended complaint.

District courts have the inherent power to control their dockets and, in the exercise of that power, may dismiss a case where appropriate. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986. A party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules may warrant dismissal of an action with prejudice. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779

F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Further, this factor is mitigated in this matter because § 1915 requires that, before docketing a complaint filed *in forma pauperis*, the Court must identify and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. 1915.  Similarly, under the Prison Litigation Reform Act (PLRA), a federal court must dismiss, at any time, an incarcerated person's claim if the claim "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In the Screening Order, the Court found that Garcia failed to properly plead a cognizable claim upon which relief could be granted in violation of the Federal Rules of Civil Procedure. ECF No. 9 at 5-9. The Court noted further noted the law relevant to the claims Garcia appeared to be asserting. *Id.*

Finally, a court's warning to a party that his failure to file an amended complaint will result in dismissal satisfies the fifth factor that the court consider less drastic alternatives. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring that Garcia file an amended complaint within thirty days expressly stated: "If Plaintiff chooses to file a First Amended Complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of this order. If Plaintiff does not file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim." ECF No. 9 at 10. Thus, Garcia had adequate warning that dismissal would result from his failure to prosecute this matter by filing an amended complaint within the time provided by the Court. Therefore,

THE COURT **ORDERS** that this action is dismissed with prejudice for failure to state a claim.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall enter judgment accordingly and close this case.

THE COURT FURTHER **CERTIFIES** that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 14th day of January, 2022.

_____
Robert C. Jones
United States District Judge

3